1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

MOHAMAD ALI SAID,

CASE NO. 12cv2437-GPC(RBB)

11

                                    Plaintiff,

12

vs.

13

14

15

COUNTY OF SAN DIEGO, DEPUTY
SHERIFF PATRICK LOPATOWKY,
DEPUTY SHERIFF BRIAN
BUTCHER, DEPUTY SHERIFF LEE
SCOTT, and DOES 1-50,
INCLUSIVE,

16

17

18

                                    Defendants.

19

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS; DENYING
DEFENDANTS' MOTION TO
STRIKE PUNITIVE DAMAGES;
AND GRANTING DEFENDANTS'
MOTION TO STRIKE EXHIBIT 2
TO PLAINTIFFS' OPPOSITION**

[Dkt. No. 12.]

20
21
22
23
24
25
26
27
28

     Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of
Civil Procedure 12(b)(6) and motion to strike request for punitive damages pursuant
to Federal Rule of Civil Procedure 12(f).  Plaintiff filed an opposition and Defendants
filed a reply.  In their reply, Defendants filed motion to strike Exhibit 2 to Plaintiffs'
opposition.  The motions are submitted on the papers without oral argument pursuant
to Civil Local Rule 7.1(d)(1).  Based on the briefs and applicable law, the Court
GRANTS Defendants' motion to dismiss; DENIES Defendants' motion to strike
request for punitive damages; and GRANTS Defendants' motion to strike Exhibit 2 to
Plaintiffs' opposition.

**Background**

On October 9, 2012, Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint against County of San Diego, Deputy Sheriff Patrick Lopatowsky, Deputy Sheriff Brian Butcher, and Deputy Sheriff Scott Lee (erroneously named as Lee Scott). (Dkt. No. 1.) According to the Complaint, on January 24, 2012, Plaintiff was at his home with his two children when he heard knocking on his door. (Dkt. No. 1, Compl. ¶¶ 9-11.) When he opened the door, Plaintiff saw the three named Sheriff Deputies who told him to go inside. (Id. ¶ 11.) As he went inside, the deputies followed Plaintiff inside without Plaintiff's consent, or a valid search or arrest warrant. (Id. ¶ 11.) When the deputies asked what the trouble was with his wife, Plaintiff explained she was having problems with drugs and she presented a danger to his kids. (Id. ¶ 12.) "Without notice, one of the deputies said why are you causing a problem with your wife and the deputies proceeded to hold one arms each and held my arms behind my back and the yelling for no reason." (Id. ¶ 13.) One deputy, who was holding the right arm, pulled it so hard that Plaintiff's right elbow was dislocated. (Id. ¶ 14.) The deputies placed Plaintiff under arrest with handcuffs. (Id.) Plaintiff was in great and excruciating pain. (Id.) The deputies proceeded to bring Plaintiff down the street barefooted where his wife was. (Id. ¶ 15.) Later that day, an ambulance arrived and transported him to the hospital to get treated. (Id. ¶ 16.)

Deputies brought Plaintiff's wife back to the house where the kids and Plaintiff live. (Id. ¶ 17.) Plaintiff was pleading and warning the deputies that the children will be in danger with his wife around because of her drug abuse problem but they would not listen. (Id.)

At the time of the filing of the complaint, Plaintiff was still getting treated for his dislocated shoulder[1] and other injuries to his body. (Id. ¶ 21.) He also intends to seek psychological help in the near future. (Id.) Plaintiff alleges that Deputy Defendants

---

[1]In his opposition, Plaintiff "apologizes" for indicating that his shoulder instead of his elbow was dislocated.

1   falsified their police reports.  (Id. ¶ 22.)

2                                    **Discussion**

3   **A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

4          Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

5   a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under

6   Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or

7   sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police

8   Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure

9   8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the

10  claim showing that the pleader is entitled to relief," and "give the defendant fair notice

11  of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.

12  Twombly, 550 U.S. 544, 555 (2007).

13         A complaint may survive a motion to dismiss only if, taking all well-pleaded

14  factual allegations as true, it contains enough facts to "state a claim to relief that is

15  plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)

16  (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

17  pleads factual content that allows the court to draw the reasonable inference that the

18  defendant is liable for the misconduct alleged." Id.  "Threadbare recitals of the

19  elements of a cause of action, supported by mere conclusory statements, do not

20  suffice." Id.  "In sum, for a complaint to survive a motion to dismiss, the

21  non-conclusory factual content, and reasonable inferences from that content, must be

22  plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret

23  Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).  In reviewing a Rule

24  12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws

25  all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949,

26  956 (9th Cir. 2009).

27         In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider

28  exhibits attached to the complaint, matters subject to judicial notice, or documents

necessarily relied on by the complaint whose authenticity no party questions.  See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688–689 (9th Cir. 2001); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

Both parties attach documents in support of their positions.  Defendants filed a request for judicial notice of court records of the Superior Court of California in the case of People v. Said, case no. C 291668 01.  While Plaintiff does not oppose the request for judicial notice, the Court DENIES Defendants' request for judicial notice as the documents were not relied upon for purposes of this motion.  In opposition, Plaintiff also attaches documents and improperly argues the merits of his case rather than demonstrate that the complaint alleges facts to support the causes of action.  On a motion to dismiss, the Court's role is to focus on the sufficiency of the a claim rather than the claim's substantive merits.  Accordingly, the Court declines to consider the documents attached to Plaintiff's opposition.

**B.      42 U.S.C. § 1983**

Defendants argue that the allegations in the complaint fail to meet the pleading requirements of Federal Rule of Civil Procedure 8 and 12(b)(6) as all the facts pled are "common" allegations, comprised of unsupported legal confusion and formulaic recitals of the elements of a cause of action.  Defendants argue that the § 1983 claim is devoid of factual support, vague and conclusory that is it impossible for the Deputy Defendants to respond to the charges.  In opposition, Plaintiff fails to address Defendants' arguments and fails to demonstrate that the § 1983 claim provides

[12cv2437-GPC(RBB)]

sufficient facts to support a claim.[2]  Accordingly, the Court GRANTS Defendants' motion to dismiss the 42 U.S.C. § 1983 claim.

**C.     Second Cause of Action for Assault and Battery and Ninth Cause of Action for Violation of California Civil Code section 52.1**

Defendants argue that Plaintiff has failed to plead facts sufficient to assert a claim of assault and battery against the Deputy Defendants.  They also assert that Plaintiff has failed to plead sufficient facts to assert a claim under California Civil Code section 52.1 because there are no facts to allege Defendants subjected him to any threat, intimidation or coercion that interfered with any right.

In opposition, Plaintiff only argues that assault, battery and violation of Civil Code section 52.1 are pendent state law claims and does not address Defendants' arguments.[3]  Thus, since Plaintiff has not addressed the merits of Defendants' argument, the court assumes that plaintiff concedes this point.  See Lucero v Ryby, 2011 WL 1654309, at * 2 (D. Az. May 3, 2011).  Accordingly, the Court GRANTS Defendants' motion to dismiss the causes of action for assault, battery, and violation of Civil Code section 52.1.

**D.     Remaining Causes of Action**

Defendants argue that Plaintiff's allegations as to False Arrest; Civil Conspiracy;

---

[2]In their reply, Defendants inform the Court that ten pages of Plaintiff's opposition is an almost verbatim copy of an opposition to a motion to dismiss in Lambert v. City of Santa Rosa, Northern District of California, Case No. C05-02931 CW.  As Defendants point out, these argument address issues that were not raised in Defendants' motion and rely on outdated legal authority as the brief was filed in 2005. The copied portions of the Lambert brief are contained in pages 4-12 in Plaintiff's opposition.  The crux of these pages concern the 42 U.S.C. § 1983, assault, battery and violation of Civil Code section 52.1 causes of action.  With one exception to a reference to Lambert in his brief, Plaintiff's counsel replaced all references to Lambert with Mr. Said.

The Court has grave concerns as to the conduct of Plaintiff's counsel with regards to the filing of the opposition brief.  The Court cautions Plaintiff's counsel as to any future filings in this case.  See In re Steven A. Mundie, Attorney, 453 Fed. Appx. 9 (June 20, 2011).  All future filing must comply with all applicable rules and standards.

[3]These portions of the opposition are copied from the Lambert brief.  As such, it does not address Defendants' arguments.

[12cv2437-GPC(RBB)]

Torts in Essence; Intentional Infliction of Emotional Distress; Negligence; Negligent Supervision, Hiring, and Retention fail to state a claim under Rule 12(b)(6).  Plaintiff either does not address these causes of action, or mentions these causes of action but does not address whether there are facts sufficient alleged to support these claims in the Complaint.  Accordingly, the Court GRANTS Defendants' motion to dismiss the remaining state causes of action.

**E.     Defendants' Motion to Strike Punitive Damages**

Defendants also move to strike punitive damages as to the County from the Complaint as punitive damages against the County are barred under state and federal law.  Plaintiff does not address this issue.  The Court notes that the prayer for relief only seeks punitive damages against the individual defendants and not the County. Accordingly, the Court DENIES Defendants' motion to strike punitive damages.

**F.     Defendants Motion to Strike Exhibit 2 of Plaintiff's Opposition**

In their reply Defendants filed a motion to strike Exhibit 2 attached to Plaintiff's opposition to the motion to dismiss.  Exhibit 2 contains two confidential documents prepared by the County of San Diego Health and Human Services Agency ("HHSA") Child Welfare Services Department.[4]

California Welfare & Institutions Code section 827(a)(4) provides,

> A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be disseminated by the receiving agencies to any persons or agencies, other than those persons or agencies authorized to receive documents pursuant to this section. Further, a juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be made as an attachment to any other documents without the prior approval of the presiding judge of the juvenile court, unless it is used in connection with and in the course of a criminal investigation or a proceeding brought to declare a person a dependent child or ward of the juvenile court.

Cal. Welf. & Inst. Code § 827.  Defense counsel contacted HHSA Child Welfare

---

[4]While Plaintiff did not have an opportunity to respond based on the Court's briefing schedule, he received notice by letter in February 2013 of the alleged violation and has still not responded or corrected the error. (Dkt. No. 15-3, Karnavas Decl., Ex. 1.)

Services department to inquire as to whether the document attached as Exhibit 2 to Plaintiff's opposition was a confidential HHSA document. (Dkt. No. 15-3, Karnavas Decl. ¶ 2.) HHSA confirmed that the document is a confidential child abuse record that is part of its juvenile case file and its release is subject to the approval of the Juvenile Court.  (Id. ¶ 2.)  In February 2013, defense counsel called and wrote a letter to Plaintiff's counsel to ask him to immediately withdraw the documents from the record. As of March 1, 2013, the document has not been withdrawn.  (Id. ¶ 4.)

As the documents in Exhibit 2 are subject to section 827 of the California Welfare and Institutions Code, and no showing has been made that the Juvenile Court approved its use in this case, the Court GRANTS Defendants' motion to strike this exhibit.

### Conclusion

Based on the above, the Court GRANTS Defendants' motion to dismiss as to all causes of action. The Court also DENIES Defendants' motion to strike Plaintiff's request for punitive damages as to the County and GRANTS Defendants' motion to strike Exhibit 2 to Plaintiff's opposition.  The Clerk of Court shall strike Exhibit 2, (Dkt. No. 14-2), from  Plaintiff's opposition.

Plaintiff is GRANTED thirty (30) days leave from the date this Order is filed in which to file a First Amended Complaint which cures the deficiencies of pleading noted above.  If Plaintiff fails to file an Amended Complaint within 30 days, ths case shall remain dismissed.  The Court **VACATES** the hearing date set for May 31, 2013.

IT IS SO ORDERED.

DATED:  May 15, 2013

HON. GONZALO P. CURIEL
United States District Judge

[12cv2437-GPC(RBB)]