# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMAD ALI SAID,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, DEPUTY SHERIFF PATRICK LOPATOWKY, DEPUTY SHERIFF BRIAN BUTCHER, DEPUTY SHERIFF LEE SCOTT, and DOES 1-50, INCLUSIVE,<br><br>　　　　Defendants. | CASE NO. 12cv2437-GPC(RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Dkt. No. 18.] |

Before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 18.) Plaintiff filed an opposition. (Dkt. No. 20.) Defendants filed a reply. (Dkt. No. 21.) The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based on the briefs and applicable law, the Court GRANTS Defendants' motion to dismiss.

## Background

On October 9, 2012, Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint against County of San Diego, Deputy Sheriff Patrick Lopatowsky, Deputy Sheriff Brian Butcher, and Deputy Sheriff Scott Lee (erroneously named as Lee Scott). (Dkt.

No. 1.) On May 15, 2013, the Court granted Defendants' motion to dismiss with leave to amend. (Dkt. No. 16.) On June 12, 2013, Plaintiff filed an amended 42 U.S.C. § 1983 civil rights complaint. (Dkt. No. 17.) According to the Amended Complaint, on January 24, 2012, Plaintiff was at his home with his two children when he heard knocking on his door. (Dkt. No. 17, Am Compl. ¶¶ 11-12.) When he opened the door, Plaintiff saw the three named Sheriff Deputies who told him to go inside. (Id. ¶ 12.) As he went inside, the deputies followed Plaintiff inside without Plaintiff's consent, or a valid search or arrest warrant. (Id. ¶ 12.) When the deputies asked what the trouble was with his wife, Plaintiff explained she was having problems with drugs and she presented a danger to his kids. (Id. ¶ 13.) "Without any reason one of the deputies said why are you causing a problem with your wife and the deputies proceeded to hold one arm each behind his back as there were yelling for no reason." (Id. ¶ 14.) One deputy, who was holding the right arm, pulled it so hard that Plaintiff's right elbow was dislocated. (Id. ¶ 15.) The deputies placed Plaintiff under arrest with handcuffs. (Id.) Plaintiff was in great and excruciating pain. (Id.) The deputies proceeded to bring Plaintiff down the street barefooted where his wife was. (Id. ¶ 16.) Later that day, an ambulance arrived and transported him to the hospital to get treated. (Id. ¶ 17.)

Deputies brought Plaintiff's wife back to the house where the kids and Plaintiff live. (Id. ¶ 18.) Plaintiff was pleading and warning the deputies that the children will be in danger with his wife around because of her drug abuse problem but they would not listen. (Id.)

At the time of the filing of the amended complaint, Plaintiff was still getting treated for his dislocated shoulder and other injuries to his body. (Id. ¶ 22.) He also intends to seek psychological help in the near future. (Id.) Plaintiff alleges that Deputy Defendants falsified their police reports. (Id. ¶ 23.)

## Discussion

**A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure

1  to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal
2  under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory
3  or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police
4  Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure
5  8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the
6  claim showing that the pleader is entitled to relief," and "give the defendant fair notice
7  of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.
8  Twombly, 550 U.S. 544, 555 (2007).  Specific facts are not necessary. Erickson v.
9  Pardus, 551 U.S. 89, 93 (2007).

10      A complaint may survive a motion to dismiss only if, taking all well-pleaded
11 factual allegations as true, it contains enough facts to "state a claim to relief that is
12 plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,
13 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
14 content that allows the court to draw the reasonable inference that the defendant is
15 liable for the misconduct alleged." Id.  "Threadbare recitals of the elements of a cause
16 of action, supported by mere conclusory statements, do not suffice." Id.  "In sum, for
17 a complaint to survive a motion to dismiss, the non-conclusory factual content, and
18 reasonable inferences from that content, must be plausibly suggestive of a claim
19 entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.
20 2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as
21 true all facts alleged in the complaint, and draws all reasonable inferences in favor of
22 the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

23      In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider
24 exhibits attached to the complaint, matters subject to judicial notice, or documents
25 necessarily relied on by the complaint whose authenticity no party questions.  See
26 Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles,
27 250 F.3d 668, 688–689 (9th Cir. 2001); United States v. Ritchie, 342 F.3d 903, 908
28 (9th Cir.2003) ( "A court may, however, consider certain materials-documents attached

to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

Defendants filed a request for judicial notice of court records of the Superior Court of California in the case of People v. Said, case no. C 291668 01.  While Plaintiff does not oppose the request for judicial notice, the Court DENIES Defendants' request for judicial notice  as the documents were not relied upon for purposes of this motion.

**B.     42 U.S.C. § 1983 Claim Against Each of the Individual Deputy Defendants**

Defendants argue that the allegations in the amended complaint fail to meet the pleading requirements of Rule 12(b)(6) and that each sub-claim Plaintiff alleges fails to state an actionable § 1983 claim.  Defendants assert that Plaintiff pleads insufficient facts to support a plausible cause of action for excessive force, falsifying police reports and retaliation.  In opposition, Plaintiff argues motions to dismiss are generally disfavored and civil rights complaints must be construed liberally in the plaintiff's favor.[1]  Plaintiff also argues the force used on Plaintiff is a question of fact for the jury, and again asserts that the deputies entered Plaintiff's home without a warrant.[2]

Plaintiff has failed to state a claim for relief because he had not complied with the requirements of Rule 8(a)(2) by giving Defendants fair notice of what the claims are and the grounds upon which they rest.  See Twombly, 550 U.S. at 555.  The amended complaint alleges "the Deputy holding the right arm pulled it so hard eventually Plaintiff's right elbow gave up and was dislocated." (Dkt. No. 17, Am. Compl. ¶ 15.)  The amended complaint alleges only one deputy injured Plaintiff, but

---

[1] This portion of Plaintiff's opposition is an almost verbatim copy of an opposition to a motion to dismiss in Lambert v. City of Santa Rosa, Northern District of California, Case No. C05-02931 CW. These arguments rely on outdated legal authority as the brief was filed in 2005.  The copied portions of the Lambert brief are contained in pages 4-12 in Plaintiff's opposition.  The crux of these pages concern the 42 U.S.C. § 1983, assault, battery and violation of Civil Code section 52.1 causes of action.  With one exception to a reference to Lambert in his brief, Plaintiff's counsel replaced all references to Lambert with Mr. Said.

[2] These portions of the opposition are copied from the Lambert brief.  As such, it does not address Defendants' arguments.

throughout the complaint, all Defendants are grouped together, and the complaint never specifies which defendant actually injured Plaintiff. Plaintiff also generally alleges all three Defendants falsified their police reports which caused Plaintiffs to be charged with resisting an officer; disobeying a court order and violating a protective order. (Dkt. No. 17, Am Compl. ¶ 24.) Here, Plaintiff does not provide specific facts stating what particular information was false, but instead only lists the charges filed against him. Finally, Plaintiff alleges Defendants subjected Plaintiff to excessive force in retaliation for speech that was lawful, but no where in the complaint alleges what speech Defendants were retaliating against. (Dkt. No. 17, Am Compl. ¶ 31.) Plaintiff improperly relies on a general legal conclusion that he was retaliated against for his freedom of speech but alleges no specific facts to support this conclusion. See Iqbal, 556 U.S. at 678 (Threadbare recitals of the elements of a cause of action along with conclusory statements do not state a claim for relief.)

Furthermore, since Plaintiff has not addressed the merits of Defendants' arguments, and has only restated the applicable law, the Court assumes that Plaintiff concedes this point. See Lucero v Ryby, 2011 WL 1654309, at * 2 (D. Az. May 3, 2011). Accordingly, the Court GRANTS Defendants' motion to dismiss the 42 U.S.C. § 1983 against each of the Individual Deputy Defendants.

**C.    42 U.S.C. § 1983 Claim Against the County of San Diego**

Defendants argue that Plaintiff's § 1983 against the County of San Diego pleads no factual content except conclusory and generalized allegations. They assert Plaintiff fails to specifically allege policies or customs of the County, through the Sheriff's Department, are unconstitutional and fails to explain how each policy, custom, or practice was deficient, how each policy or custom caused Plaintiff harm, and how the deficiency involved was obvious and the injury was likely to occur.

In opposition, Plaintiff only argues that he is not held to a heightened pleading

standard relying on an outdated legal standard.[3] Thus, since Plaintiff has not addressed the merits of Defendants' arguments, and has only restated the applicable law, the Court assumes that plaintiff concedes this point. See Lucero v Ryby, 2011 WL 1654309, at * 2 (D. Az. May 3, 2011).

The Court finds Plaintiff generally alleges the County has unlawful policies, customs, and practices but fails to identify the specific policies, customs, or practices and relies on general legal conclusions, not specific facts. The complaint alleges "defendant County of San Diego, through its sheriff's department, has unlawful policies, customs, and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies." (Dkt. No. 17, Am Compl. ¶¶ 37.) The amended complaint, therefore, alleges conclusory statements of unlawful policies, but fails to allege specific facts of the actual policies and where these policies are written and followed. See Iqbal, 556 U.S. at 678. Accordingly, the Court GRANTS Defendants' motion to dismiss the 42 U.S.C. § 1983 claim against the County of San Diego.

**D.    Remaining Causes of Action**

Defendants argue that Plaintiff's allegations as to Negligence; Battery; False Arrest; and California Civil Code section 52.1 civil rights violations fail to state a claim under Rule 12(b)(6). Defendants contend that Plaintiff did not provide specific factual allegations to support his claims and therefore the claims should be dismissed.

In opposition, Plaintiff argues the amended complaint has a sufficient factual basis for all the state law claims because reasonable force is a question of fact that should be determined by the jury. Plaintiff asserts the fact that Plaintiff's elbow was dislocated provides enough factual support to support all state law claims. Plaintiff further argues that the addition of a statute, California Government Code sections 815.2 and 820(a) allows the County of San Diego to be vicariously liable for these causes of

---

[3] These portions of the opposition are copied from the Lambert brief. As such, it does not address Defendants' arguments.

1 action but does not state any factual basis for this claim.

2     The Court previously dismissed the above state law claims in the original Complaint for lack of specific factual allegations under Federal Rule of Civil Procedure 8(a). The Court finds Plaintiff did not change the substance of these state law claims and the claims still lack specific factual allegations to survive a Rule 12(b)(6) motion to dismiss. As noted above, the amended complaint alleges only one deputy injured Plaintiff, but throughout the state law claims, all individual Defendants are grouped together. Plaintiff has further failed to provide an explanation for the failure to identify the individual Defendant who allegedly dislocated his right elbow. Accordingly, since the amended complaint alleges no new facts to support the state law claims, the Court GRANTS Defendants' motion to dismiss the remaining state causes of action.

## Conclusion

    The Court has grave concerns as to the conduct of Plaintiff's counsel with regards to repeatedly using the Lambert brief in his oppositions. The Court cautions Plaintiff's counsel as to any future filings in this case. See In re Steven A. Mundie, Attorney, 453 Fed. Appx. 9 (June 20, 2011). Based on the above, the Court GRANTS Defendants' motion to dismiss as to all causes of action without prejudice with leave to amend **one last time**. Plaintiff shall file a second amended complaint within 20 days of the filed date of this order. All future filings must comply with all applicable rules and standards.

    IT IS SO ORDERED.

DATED: October 30, 2013

HON. GONZALO P. CURIEL
United States District Judge