1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10   MOHAMAD ALI SAID,                          CASE NO. 12cv2437-GPC(RBB)

11                              Plaintiff,      **ORDER GRANTING IN PART AND
                                                DENYING IN PART**
12       vs.                                    **DEFENDANTS' MOTION TO
                                                DISMISS PLAINTIFF'S SECOND**
13                                              **AMENDED COMPLAINT**

14   COUNTY OF SAN DIEGO, DEPUTY
     SHERIFF PATRICK LOPATOWKY,
15   DEPUTY SHERIFF BRIAN
     BUTCHER, DEPUTY SHERIFF LEE          [Dkt. No. 24.]
16   SCOTT, and DOES 1-50,
     INCLUSIVE,
17
                              Defendants.
18

19       Before the Court is Defendants' motion to dismiss Plaintiff's second amended

20   complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 24.)

21   Plaintiff filed an opposition. (Dkt. No. 29.) Defendants filed a reply.  (Dkt. No. 30.)

22   The motions are submitted on the papers without oral argument pursuant to Civil Local

23   Rule 7.1(d)(1).  Based on the briefs and applicable law, the Court GRANTS in part and

24   DENIES in part Defendants' motion to dismiss the second amended complaint.

25                              **Background**

26       On October 9, 2012, Plaintiff filed a 42 U.S.C. § 1983 civil rights complaint

27   against County of San Diego, Deputy Sheriff Patrick Lopatowsky, Deputy Sheriff

28   Brian Butcher, and Deputy Sheriff Scott Lee (erroneously named as Lee Scott). (Dkt.

No. 1.)  On May 15, 2013, the Court granted Defendants' motion to dismiss the complaint with leave to amend. (Dkt. No. 16.) On June 12, 2013, Plaintiff filed an first amended complaint. (Dkt. No. 17.)   On October 30, 2013, the Court granted Defendants' motion to dismiss the first amended complaint with one final opportunity to amend.  (Dkt. No. 22.)  On November 19, 2013, Plaintiff filed a second amended complaint ("SAC").  (Dkt. No. 23.)

According to the second amended complaint, on January 24, 2012, Plaintiff was at his home with his two children when he heard knocking on his door.  (Dkt. No. 23, SAC ¶¶ 10-11.)  When he opened the door, Plaintiff saw the three named Sheriff Deputies who told him to go inside.  (Id. ¶ 11.)  As he went inside, the deputies followed Plaintiff inside without his consent, a valid search warrant, or an  arrest warrant.  (Id.)  When the deputies asked what the trouble was with his wife, Plaintiff explained she was having problems with drugs and she presented a danger to his kids.  (Id. ¶ 12.)  "Without any reason Officer LOPATOSKY asked Said why are you causing problems to  your wife and with (sic) together with Officer Butcher proceeded to hold and twist one arm each behind his back while yelling for no reason."  (Id. ¶ 13.) "Officer BUTCHER proceeded to assist Lopatosky and both used excessive force to effectuate the arrest."  (Id. ¶ 14.)  The deputy, who was holding the right arm, pulled it so hard that Plaintiff's right elbow was dislocated.  (Id. ¶ 15.)  The deputies then placed Plaintiff under arrest with handcuffs with his hands behind his back causing Plaintiff to be in great and excruciating pain.  (Id.)  The deputies proceeded to bring Plaintiff down the street barefooted to where his wife was.  (Id. ¶ 18.)  The deputies brought Plaintiff's wife back to the house where the kids and Plaintiff live.  (Id. ¶ 19.) Plaintiff pleaded and warned the deputies that the children would be in danger with his wife around because of her drug abuse problem but they would not listen.  (Id.)   Two hours later, an ambulance arrived and transported him to the hospital to get treated for his dislocated elbow.  (Id. ¶ 21.)  An x-ray and examination confirmed that forceful twisting caused his injury.  (Id. ¶ 25.) Plaintiff is still getting treated for his arm and

1   other injuries to his body.  (Id. ¶ 25.)  He also intends to seek psychological help in the
2   near future.  (Id.)

3       Plaintiff alleges that Deputy Sheriff Defendants falsified their police reports
4   alleging that Plaintiff resisted executive officer, disobeyed a court order and violated
5   a protective or stay away order.  (Id. ¶ 26.)  As a result, the District Attorney filed false
6   felony charges against Plaintiffs.  (Id. ¶ 27.)  At the preliminary hearing, the state court
7   judge dropped the charges and dismissed the case in its entirety.  (Id.)  Plaintiff alleges
8   that he subject to an unlawful detention incidental to a false arrest and was forced to
9   post a $20,000 bail.  (Id. ¶ 28.)

10      Plaintiff alleges causes of action under 42 U.S.C. § 1983 for unreasonable search
11  and seizure; excessive force; false arrest; equal protection; denial of medical attention
12  and malicious prosecution against Defendants Lopatosky, Butcher and Lee.  He asserts
13  a 42 U.S.C. § 1983 cause of action against the County of San Diego for unlawful
14  policies, customs, or habits.  He also alleges state law causes of action for negligence,
15  battery, false arrest, and violation of California Civil Code section 52.1 against all
16  Defendants.

17                              **Discussion**
18  **A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

19      Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure
20  to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal
21  under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory
22  or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police
23  Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure
24  8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the
25  claim showing that the pleader is entitled to relief," and "give the defendant fair notice
26  of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v.
27  Twombly, 550 U.S. 544, 555 (2007).  Specific facts are not necessary.  Erickson v.
28  Pardus, 551 U.S. 89, 93 (2007).

[12cv2437-GPC(RBB)]

1    A complaint may survive a motion to dismiss only if, taking all well-pleaded
2    factual allegations as true, it contains enough facts to "state a claim to relief that is
3    plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,
4    550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
5    content that allows the court to draw the reasonable inference that the defendant is
6    liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause
7    of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for
8    a complaint to survive a motion to dismiss, the non-conclusory factual content, and
9    reasonable inferences from that content, must be plausibly suggestive of a claim
10   entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.
11   2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as
12   true all facts alleged in the complaint, and draws all reasonable inferences in favor of
13   the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

14   **B.    Request for Judicial Notice**

15   In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider
16   exhibits attached to the complaint, matters subject to judicial notice, or documents
17   necessarily relied on by the complaint whose authenticity no party questions. See
18   Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles,
19   250 F.3d 668, 688–689 (9th Cir. 2001); United States v. Ritchie, 342 F.3d 903, 908
20   (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached
21   to the complaint, documents incorporated by reference in the complaint, or matters of
22   judicial notice-without converting the motion to dismiss into a motion for summary
23   judgment.").

24   Courts may only take judicial notice of adjudicative facts that are "not subject
25   to reasonable dispute because it: (1) is generally known within the trial court's
26   territorial jurisdiction; or (2) can be accurately and readily determined from sources
27   whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

28   Defendants request that the Court take judicial notice of court records of the

Superior Court of California in the case of <u>People v. Said</u>, Case No. C 291668 01.  In his opposition, Plaintiff opposes and disputes the contents of the documents subject to the request for judicial notice.  For example, he contests the authenticity of the proof of service of the protective order and argues that he did not know about the protective order until it was too late to file an appeal.  Since the contents of the documents are disputed, the Court DENIES Defendants' request for judicial notice.  In his opposition, Plaintiff also attaches documents; however, he has failed to file a request for judicial notice.  Accordingly, the Court declines to consider these documents.

**C.      42 U.S.C. § 1983 Claim as to Defendant Lee**

Defendants allege that while the SAC pleads eight causes of action against Defendant Lee, it fails to provide any facts to support a claim against him.  In opposition, Plaintiff does not address the lack of facts of support a claim against Lee in the SAC but contends that he "apologizes if he has unjustly blamed Officer LEE for the problems he encountered.  However, Officer Lee was mentioned in the arrest report as being one of the officers on the scene.  His part will be assessed as discovery begins and a fair and precise decision based solely on all the discovered facts . . . ." (Dkt. No. 29 at 10.)  While Plaintiff provides a reason as to why Plaintiff names Lee as a defendant, the second amended complaint fails to provide any facts to support any claim against Lee and does not provide Lee with fair notice of the claims against him and the grounds upon which they rest.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555.  Accordingly, the Court GRANTS Defendants' motion to dismiss all causes of action against Defendant Scott Lee.

**D.      42 U.S.C. § 1983 Claim as to Each Individual Defendant**

Defendants assert that Plaintiff pleads insufficient facts to support a plausible cause of action for false arrest, excessive force,   falsifying police reports, equal

1  protection, denial of medical attention and malicious prosecution.[1]  Plaintiff opposes.

2      **1.  Unlawful Arrest**

3      Defendants argue that the judicially noticeable facts along with the allegations

4  in the SAC establish that they had probable cause to arrest Plaintiff.  Plaintiff disagrees.

5      "[A]n arrest without probable cause violates the Fourth Amendment and gives

6  rise to a claim for damages under § 1983."  Borunda v. Richmond, 885 F.2d 1384, 1391

7  (9th Cir. 1988).  "The test for whether probable cause exists is whether 'at the moment

8  of arrest the facts and circumstances within the knowledge of the arresting officers and

9  of which they had reasonably trustworthy information were sufficient to warrant a

10  prudent [person] in believing that the petitioner had committed or was committing an

11  offense.'"  United States v. Jensen, 425 F.3d 698, 704 (9th Cir. 2005) (citation

12  omitted).  Probable cause exists when the officer has "a reasonable belief, evaluated in

13  light of the officer's experience and the practical considerations of everyday life, that

14  a crime has been, is being, or is about to be committed."  Hopkins v. City of Sierra

15  Vista, 931 F.2d 524, 527 (9th Cir. 1991) (citation and internal quotations omitted).

16      Here, Plaintiff alleges all three Defendants arrested him without probable cause.

17  (Dkt. No. 23, SAC ¶ 33.)  Defendants argue that the officers had probable cause to

18  arrest Plaintiff; however, their argument is based on the judicially noticed facts which

19  the Court denied.  Because Plaintiff has alleged that Defendants arrested him without

20  probable cause, the Court DENIES Defendants' motion to dismiss on the unlawful

21  arrest claim.

22      **2.  Excessive Force**

23      Defendants contend that the SAC seeks to hold all three deputy defendants liable

24  for excessive force but only claims one unnamed deputy actually caused his injury.

25

26      [1]Defendants argue that Plaintiff failed to obtain leave of court to add the new
27  causes of action of equal protection, denial of medical attention and malicious prosecution.  While Defendants' argument is persuasive, the Court grants Plaintiff leave of court to file these additional causes of action because the case is in the early
28  stages and the pleadings have not yet been perfected and in order to move the case forward with efficiency.

[12cv2437-GPC(RBB)]

1  (Dkt. No. 23, SAC ¶ 15.)  Plaintiff opposes.

2      Claims of excessive force are analyzed under the Fourth Amendment prohibition

3  against unreasonable seizures.[2]  See Graham v. Connor, 490 U.S. 386, 394 (1989);

4  White v. Pierce County, 797 F.2d 812, 816 (9th Cir. 1986).  To state an excessive force

5  claim, a plaintiff must allege facts showing that the officer's conduct was "objectively

6  unreasonable in light of the facts and circumstances confronting them." Id. at 397.  In

7  determining whether an officer's conduct is objectively unreasonable, the Court must

8  "balance the gravity of the intrusion on the individual against the government's need

9  for that intrusion to determine whether it was constitutionally reasonable." Miller v.

10  Clark Cnty., 340 F.3d 959, 964 (9th Cir. 2003).  To determine the unreasonableness of

11  a seizure requires a careful consideration of the facts and circumstances that confronted

12  the arresting officer. Id.

13      In the Court's prior order dismissing the first amended complaint, the Court

14  noted the only deficiency in the FAC was Plaintiff's failure to specify which Defendant

15  actually injured him. (Dkt. No. 22 at 4-5.)  In complying with the Court's order and

16  contrary to Defendants' argument, Plaintiff's second amended complaint now alleges

17  that "Officers BUTCHER proceeded to assist Lopatosky and both used excessive force

18  to effectuate the arrest." (Id. ¶ 14.) The Court concludes that Plaintiff has sufficiently

19  alleged a claim for excessive force.  Accordingly, the Court DENIES Defendants'

20  motion to dismiss the claim for excessive force.

21  / / / /

22

23

24      [2]While it appears Plaintiff alleges a separate cause of action for unreasonable
search and seizure, the unreasonable search and seizure claim is an element of the
excessive force cause of action.  The SAC alleges "unreasonable and excessive force

25  constituted unlawful seizures of Plaintiffs . . ." (Dkt. No. 23, SAC ¶ 34.)  Plaintiffs
were "unlawfully seized by Defendants LOPATOSKY, BUTCHER AND SCO LEE

26  TT (sic).  These "unlawful seizures" violated his Fourth Amendment constitutional
right. (Id. ¶ 33.)  Accordingly, the Court concludes that Plaintiff does not allege a

27  separate unreasonable search and seizure claim. See Hamilton v. City of Berkeley, No.
13cv4403-JCS, 2013 WL 6155818, at * (N.D. Cal. Nov. 22, 2013) ("[o]utside the

28  prison context, a claim that an officer used excessive force is generally understood as
a claim that a seizure was unreasonable").

[12cv2437-GPC(RBB)]

### 3.   Equal Protection

Defendants contend that the equal protection cause of action fails to state a claim.  Plaintiff contends his cause of action based on race discrimination is premised on the fact that the officers were merely following a phone call from Plaintiff's ex-wife and there was no sign of any altercation and Plaintiff had a milk bottle in his hand and was alone.

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shaw v. Reno, 509 U.S. 630 (1993).  When an equal protection violation is alleged, the plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." F.D.I.C. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000).  "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. . . . It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Administrator of Mass. v. Feeney, 442 U.S. 256, 279 (1979).

Here, Plaintiff alleges that in "deciding to violate plaintiff's right in his home and to effectuate a needless and warrantless arrest defendants were racially motivated since there was no evidence that plaintiff was engaged in any violation at his home. . . . Plaintiff name if (sic) Mohammed and he is obviously of Middle Eastern completion (sic), in fact Mr. Said is a Muslim Arab from the South of Lebanon." (Dkt. No. 23, SAC ¶ 48.)  These allegations of racial discrimination are conclusory with no facts to support an allegation of discriminatory purpose.  Accordingly, the Court GRANTS Defendants' motion to dismiss the equal protection cause of action.

/ / / /

[12cv2437-GPC(RBB)]

### 4.    Denial of Medical Attention

Defendants argue that the SAC fails to plead sufficient facts to support a claim based on the denial of medical attention.  Plaintiff disagrees.

"The due process clause requires responsible governments and their agents to secure medical care for persons who have been injured while in police custody." Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir. 1986) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).  The Due Process Clause of the Fourteenth Amendment guarantees a pretrial detainee the right to receive adequate medical care, and that right is violated if officials are deliberately indifferent to the detainee's serious medical needs.  Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1242–43 (9th Cir. 2010).  Deliberate indifference exists when an official knows of and disregards a serious medical condition, i.e., when an official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws that inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, the second amended complaint states that Defendants used unreasonable force when they twisted his right arm and caused his elbow to become dislocated. (Dkt. No. 23, SAC ¶ 53.)  He alleges that Defendants were deliberately indifferent to Plaintiff's medical needs when Lopatosky knew that the forceful twisting caused the injury, and elected to keep the handcuffs on and then proceeded with the other officers to pull Plaintiff barefoot outside the house to his wife's location.  (Id. ¶ 55.)  He alleges that Lopatosky and the other officers should have called the paramedics immediately but they chose to ignore and subject Plaintiff to unnecessary pain and possible exacerbation of his injury.  (Id.)  Moreover, the ambulance did not arrive until two hours later even though the defendants knew he was suffering from excruciating pain. (Id. ¶ 21.)

These facts allege that defendants caused Plaintiffs' elbow to become dislocated, forced him to wear handcuffs behind his back despite his elbow injury, and an ambulance did not arrive until two hours later.  These fact allege a cause of action for

1   denial of adequate medical care.  Accordingly, the Court DENIES Defendants' motion

2   to dismiss the cause of action for denial of medical attention.

3         **5.**     **Malicious Prosecution**

4        Defendant contends that Plaintiff has failed to allege a cause of action for

5   malicious prosecution.  Plaintiff opposes.

6        In the Ninth Circuit, a claim for malicious prosecution is not cognizable under

7   42 U.S.C. § 1983 if process is available within the state judicial system to provide a

8   remedy.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations

9   omitted).  However, if malicious prosecution is "conducted with the intent to deprive

10  a person of equal protection of the laws or is otherwise intended to subject a person to

11  a denial of constitutional rights", a malicious prosecution claim under § 1983 is

12  available.  Id. at 562 (citing Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985)).

13  To state a claim for malicious prosecution in California under § 1983, a plaintiff must

14  plead the "(a) the initiation of criminal prosecution, (b) malicious motivation, and (c)

15  lack of probable cause."  Usher, 828 F.2d at 562.  A criminal defendant can maintain

16  a malicious prosecution claim against police officers who wrongfully caused his

17  prosecution.  Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).

18       Since Plaintiff alleges that Defendants intended to subject him to a denial of his

19  constitutional rights, Plaintiff's allegations are sufficient to allow a malicious

20  prosecution claim under § 1983.  Plaintiff alleges that Defendants illegally arrested

21  him, falsified the police reports and as a result, criminal proceedings were initiated.

22  (Dkt. No. 23 SAC ¶¶ 62-64.)  Eventually, the criminal charges were dropped before

23  trial.  (Id. ¶ 62.)  The SAC also asserts that Defendant Lopatosky fabricated many lies

24  to cover his and his partners' use of excessive force that led to his injury.  (Dkt. No.

25  23, SAC ¶ 61.)  By doing do, Lopatosky knew that Plaintiff would be maliciously

26  prosecuted.  (Id.)  Three charges were filed against Plaintiff to deter and scare him from

27  filing this action.  (Id. ¶ 62.)  These allegations state a cause of action for malicious

28  prosecution under § 1983.  Accordingly, the Court DENIES Defendants' motion to

1  dismiss the malicious prosecution cause of action.

2  **E.      42 U.S.C. § 1983 Claim Against the County of San Diego**

3       Defendants argue that Plaintiff's § 1983 against the County of San Diego pleads
4  no factual content except conclusory and generalized allegations. In opposition,
5  Plaintiff argues that he has stated a cause of action against the County.

6       Cities, counties and other local government entities are subject to claims under
7  42 U.S.C. § 1983.  <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658
8  (1978).  While municipalities, their agencies and their supervisory personnel cannot be
9  held liable under § 1983 on any theory of respondeat superior or vicarious liability,
10 they can, however, be held liable for deprivations of constitutional rights resulting from
11 their formal policies or customs.  <u>See</u> <u>Monell</u>, 436 U.S. at 691-693.  Plaintiffs must
12 establish that "the local government had a deliberate policy, custom, or practice that
13 was the moving force behind the constitutional violation [they] suffered." <u>AE ex rel.</u>
14 <u>Hernandez v. Count of Tulare</u>, 666 F.3d 631, 636 (9th Cir. 2012) (citing <u>Whitaker v.</u>
15 <u>Garcetti</u>, 486 F.3d 572, 581 (9th Cir. 2007)).

16      The elements of a <u>Monell</u> claim are (1) plaintiff was deprived of a constitutional
17 right; (2) the municipality has a policy; (3) the policy amounts to deliberate
18 indifference to plaintiff's constitutional right; and (4) the policy is the moving force
19 behind the constitutional violation. <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900
20 (9th Cir. 2011) (quoting <u>Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill</u>, 130 F.3d 432,
21 438 (9th Cir.1997)).

22      A public entity and supervisory officials may be held liable when
23 "implementation of . . . official policies or established customs inflicts the
24 constitutional injury"; or when a failure to act amounts to "deliberate indifference to
25 a constitutional right" or when "an official with final policy-making authority . .
26 .ratifies a subordinate's unconstitutional decision or action. <u>Clouthier v. County of</u>
27 <u>Contra Costa</u>, 591 F.3d 1232, 1249 (9th Cir. 2010).

28      A "policy" is a "deliberate choice to follow a course of action . . . made from

among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." <u>Fogel v. Collins</u>, 531 F.3d 824, 834 (9th Cir. 2008); <u>Long v. Cnty. of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). A "custom" for purposes of municipal liability is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." <u>St. Louis v. Praprotnik</u>, 485 U.S. 112, 127 (1988); <u>Los Angeles Police Protective League v. Gates</u>, 907 F.2d 879, 890 (9th Cir. 1990); <u>see also</u> <u>Bouman v. Block</u>, 940 F.2d 1211, 1231–32 (9th Cir. 1991).

While Plaintiff incorrectly argues that the county is liable under a respondeat superior theory, <u>see</u> <u>Monell</u>, 436 U.S. at 691 ("a municipality cannot be held liable under 1983 on a respondeat superior theory"), he also alleges that the County has "unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies, proximately causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action." (Dkt. No. 23 SAC ¶ 39.) He also alleges that the Defendant has an unlawful policy, custom or habit of permitting unlawful searches and seizures, false arrests and the unnecessary and excessive use of force by sheriff deputies and failing to take action against deputies who commit acts of excessive force. (<u>Id.</u> ¶ 40.) He further specifically complains that the County has inadequate policies relating to "1) enlisting domestic violence victims to participate in contacting and arresting domestic violence suspects. 2) warrantless detentions and arrests of citizens for mere suspicions and without probably cause. 3) use of excessive force by deputies and 4) writing false police reports as a method of covering up acts of excessive force and other improprieties by sheriff's deputies." (<u>Id.</u> ¶ 41.) Plaintiff also alleges that County and its sheriff's department "have refused to investigate, or have inadequately investigated, numerous complaints of false arrest, excessive force and unlawful searches and seizures made by citizens against its sheriff's deputies over many years, including

[12cv2437-GPC(RBB)]

1  complaints that resulted in substantial jury verdicts against the deputies and the
2  County." (Id. ¶ 42.)

3      Based on the allegations in the SAC, the Court concludes that Plaintiff has stated
4  a Monell claim against the County.  Accordingly, the Court DENIES Defendants'
5  motion to dismiss the 42 U.S.C. § 1983 claim against the County of San Diego.[3]

6  **F.    State Law Causes of Action for Negligence, Battery, False Arrest and**
7  **California Civil Code section 52.1 as to all Defendants**

8      Defendants assert that the SAC fails to plead facts sufficient to plausibly claim
9  state law causes of action for negligence, battery, false arrest, and California Civil Code
10  section 52.1 against the officers and the County.  Plaintiff disagrees.

11     Because the Court has already concluded that Plaintiff has stated a cause of
12  action for excessive force and false arrest under § 1983, the state law causes of action
13  for negligence, battery, false arrest, and California Civil Code section 52.1 also survive
14  as they are based on same conduct and similar standard.  See Nelson v. City of Davis,
15  709 F. Supp.2d 978, 992 (E.D. Cal. 2010), aff'd on other grounds, 685 F.3d 867 (9th
16  Cir. 2012).  In Nelson, the court explained that the court's finding that Plaintiffs'
17  unreasonable seizure claim under the Fourth Amendment survives summary mandate
18  mandates that the state claims of battery, negligence, California Civil Code section 52.1
19  case of action survive as well.  Id. at 992; see Coe v. Schaeffer, No. 13cv432-KJM-
20  CKD, 2014 WL 66753, at *12 (E.D. Cal. Jan. 8, 2014) Susag v. City of Lake Forest,
21  94 Cal. App. 4th 1401, 1412–13 (2002) ("[I]t appears unsound to distinguish between
22  section 1983 and state law claims arising from the same alleged misconduct.")).

23     As to the false arrest cause of action, since the Court has also concluded that

24

---

25  [3]The Court previously granted Defendants' motion to dismiss the County as a
   defendant for failure to state a claim under Monell.  While Plaintiff has not changed the
26  substance of his allegations in the SAC, the Court notes that in the prior motion to
   dismiss, Plaintiff's counsel did not address the merits of Defendants' argument and
27  merely copied portions of an opposition brief to a motion to dismiss in Lambert v. City
   of Santa Rosa, Northern District of California, Case No. C05-02931 CW (2005) which
28  relied on outdated legal authority.  The Court noted that it appears that Plaintiff has
   conceded that argument.  (Dkt. No. 22 at 5-6.)  In the instant opposition, Plaintiff's
   counsel has addressed Defendants' arguments.

[12cv2437-GPC(RBB)]

1  Plaintiff has alleged a cause of action for false arrest, the state law cause of action for

2  false arrest also states a cause of action under state law.  See Asgari v. City of Los

3  Angeles, 15 Cal. 4th 744, 757 (1997) (false arrest occurs when there is an unlawful or

4  unprivileged violation of the liberty of another); Collins v. City and County of San

5  Francisco, 50 Cal. App. 3d 671, 673 (1975) (false imprisonment and false arrest are not

6  separate torts).

7       Lastly, the Court has concluded that Plaintiff's Monell cause of action against

8  the County stated a cause of action concerning the County's policy and custom

9  pertaining to false arrest and excessive force.   Moreover, under California law, a

10  public entity can be vicariously liable for the acts of its employees.  See Cal. Gov't

11  Code § 815.2. Therefore, the state law causes of action against the County survive

12  Defendants' motion to dismiss.

13       Accordingly, Court DENIES all Defendants' motion to dismiss the state law

14  causes of action for negligence, battery, false arrest and California Civil Code section

15  52.1.

16                              **Conclusion**

17       Based on the above, the Court GRANTS in part and DENIES in part Defendants'

18  motion to dismiss.  Specifically, the Court DENIES Defendants' motion to dismiss the

19  causes of action for excessive force, false arrest, denial of medical attention, malicious

20  prosecution, § 1983 causes of action against the County of San Diego and all state law

21  causes of action.  The Court GRANTS Defendants' motion to dismiss the cause of

22  action for equal protection and all causes of action against Defendant Scott Lee.  Since

23  / / / /

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

Plaintiff was given one final opportunity to amend his complaint in the Court's prior order granting Defendants' motion to dismiss, Defendants shall file an answer within **14 days** of the filing of this order.

IT IS SO ORDERED.


DATED:  January 21, 2014

HON. GONZALO P. CURIEL
United States District Judge

[12cv2437-GPC(RBB)]