UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMAD ALI SAID, an individual,<br><br>　　　　　　Plaintiff,<br>v.<br><br>COUNTY OF SAN DIEGO; DEPUTY SHERIFF PATRICK LOPATOSKY; DEPUTY SHERIFF BRIAN BUTCHER; DEPUTY SHERIFF LEE SCOTT; DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Civil No. 12cv2437 GPC(RBB)<br><br>ORDER GRANTING MOTION TO COMPEL RULE 35 EXAMINATIONS<br>[ECF NO. 50] |

On October 19, 2014, Defendants Patrick Lopatosky, Brian Butcher, and the County of San Diego filed a "Motion to Compel Rule 35 Examinations [ECF No. 50]" (the "Motion to Compel"), along with a Memorandum of Points and Authorities, a declaration of Stephanie Karnavas, and several exhibits.  No opposition was filed.  The Motion to Compel is suitable for resolution on the papers, so the hearing set for November 17, 2014, at 10:00 a.m., is **VACATED**.  See S.D. Cal. Civ. R. 7.1(d)(1).  For the reasons explained below, the Motion to Compel is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Mohamad Ali Said filed, on October 9, 2012, a Complaint pursuant to 42 U.S.C. § 1983, alleging that he sustained injuries when he was unlawfully arrested by San Diego County Sheriff's deputies at his home on January 24, 2012.  (Compl. 1, 3-4, ECF No. 1.)  Additionally, Said raised several state law claims.  (Id. at 1, 6-12.)  A First Amended Complaint was filed on June 12, 2013, and a Second Amended Complaint was filed on November 19, 2013 [ECF Nos. 17, 23].

In the Second Amended Complaint, Plaintiff raises § 1983 claims against Deputies Patrick Lopatosky, Brian Butcher, and Scott Lee for unreasonable search and seizure, excessive force, false arrest, denial of medical attention, malicious prosecution, and violation of the Equal Protection Clause.  (Second Am. Compl. 6, 8-10, ECF No. 23.)[1]  Said alleges that the County of San Diego is liable for "Constitutional Violations via Unlawful Policies, Customs or Habits."  (Id. at 7.)  Plaintiff also raises state law claims for negligence, battery, false arrest, and violations of California Civil Code § 52.1.  (Id. at 11-13.)  As a result of Defendants' misconduct, Said states:

> Plaintiff Mohamad Ali Said suffered severe injuries to his right elbow arm, head, back and neck, causing severe pain.  He has been treating for a dislocated elbow and may require surgery in addition to therapy.  He also suffered severe emotional distress as a result of the acts committed against him and as a result of being informed that his wife who is a represent [sic] a grave danger to his kids will be brought in to care for the two kids.  Mohamad Ali Said also suffered severe fear, humiliation, damage to his reputation and emotional distress as a result of being arrested, taken to jail and being forced to endure the indignities of being booked,

---

[1]  The Court will cite to all documents using the page numbers assigned by the electronic case filing system.

```
        fingerprinted, photographed and searched at the county
        jail despite the fact that he had done nothing unlawful.
        Mohamad Ali Said had to pay bail to secure his release
        from jail.  He suffered further emotional distress as a
        result of having to defend false criminal charges and he
        has additional damages associated with having an arrest
        record and having the criminal case filed against him.
```

(Id. at 5.)

Lopatosky, Butcher, Lee, and the County filed a Motion to Dismiss Plaintiff's Second Amended Complaint on December 3, 2013 [ECF No. 24]. The motion to dismiss was granted in part and denied in part by United States District Court Judge Gonzalo P. Curiel on January 21, 2014 [ECF No. 31]. In his order, Judge Curiel dismissed Lee as a Defendant (Order 14, ECF No. 31); the remaining Defendants filed an Answer on February 4, 2014 [ECF No. 32]. An early neutral evaluation conference and case management conference were held on April 18, 2014 [ECF No. 37]. On October 19, 2014, the Motion to Compel was filed [ECF No. 50].

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 35(a) provides that a Court may order a medical examination if a litigant's physical or mental condition is "in controversy" and there is a showing of good cause. "Rule 35 is to be 'construed liberally to allow the examination.'" Sanders v. Holdings, No. 11cv1590 LAB (MDD), 2012 WL 2001967, at *2 (S.D. Cal. June 4, 2012) (citing Tan v. City and Cnty. of S.F., No. C 08-01564 MEJ, 2009 WL 594238, at *2 (N.D. Cal. Mar. 4, 2009)). When ordering an examination, the Court "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

"A plaintiff's mental or physical condition is 'in controversy' when such condition is the subject of the litigation." Hernandez v. Simpson, No. ED CV 13-2296-CBM (SPx), 2014 WL 4090513, at *2 (C.D. Cal. Aug. 18, 2014) (citing Gavin v. Hilton Worldwide, Inc., 291 F.R.D. 161, 164 (N.D. Cal. 2013)). In determining whether a litigant's mental state is "in controversy," courts in this district apply the test outlined in Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995). In Turner, the Court held that a mental examination may be ordered when one or more of the following circumstances are present:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

Id. "In assessing whether 'good cause' exists, courts have considered 'the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress.'" Conforto v. Mabus, No. 12cv1316-W (BLM), 2014 WL 3407053, at *3 (S.D. Cal. July 10, 2014) (quoting Juarez v. Autozone Stores, Inc., No. 08cv417-L (BLM), 2011 WL 1532070, *1 (S.D. Cal. Apr. 21, 2011)).

### III. DISCUSSION

In the Motion to Compel, Defendants ask that the Court order Said to undergo a physical and a mental examination. (Mot. Compel Attach. #1 Mem. P. & A. 1, ECF No. 50.) They also request that the

Court address whether counsel or a third party may be present for the examinations, as well as the extent to which the examiners may inquire about how Plaintiff sustained his injuries. (Id. at 5.) As noted, Said did not file an opposition to the Motion to Compel. Although failure to oppose a motion may constitute consent to granting it, the Court will consider the merits of Defendants' motion. See S.D. Cal. Civ. R. 7.1(f)(3)(c).

**A.   The Mental Examination**

   **1.   Whether Plaintiff's mental condition is "in controversy"**

Defendants argue that because Said alleges that he suffered severe emotional distress as a result of the deputies' conduct, his mental condition is in controversy. (Mot. Compel Attach. #1 Mem. P. & A. 4, ECF No. 50.) According to Defendants, Plaintiff has also claimed that he plans to offer expert testimony in support of this claim. (Id.) Moreover, in Said's discovery responses he stated that he continues to suffer from emotional distress. (Id. at 2-3 (citing id. Attach. #2 Ex. 2, at 26-27).) For these reasons, Defendants assert that Plaintiff should be ordered to undergo a mental examination. (Id. at 4.)

As noted, to determine if Said's mental condition is in controversy, the Court must evaluate the five Turner v. Imperial Stores factors. Under the first factor, Said has not alleged a cause of action for intentional or negligent infliction of emotional distress. (See generally Second Am. Compl. 6-13, ECF No. 23.) Nor does he claim that he suffers from a specific psychiatric condition or that his distress is "unusually" severe. See Turner, 161 F.R.D. at 95 (explaining second and third factors, respectively). In light of the fact that Said did not file an

opposition to the Motion to Compel, it is unclear the extent to which Plaintiff admits that his mental condition is in controversy under the fifth <u>Turner</u> factor. (<u>See</u> Mot. Compel Attach. #2 Decl. Karnavas 2, ECF No. 50 ("Mr. Shashaty indicated that he had spoken with some other attorneys about the mental examination, and apparently based on those discussions, he believed a court order was required.")). <u>But see</u> S.D. Cal. Civ. R. 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court.").

Under the fourth <u>Turner</u> factor, the Court must take into account whether Plaintiff will offer expert testimony in support of his emotional distress claim. <u>See</u> <u>Turner</u>, 161 F.R.D. at 95. Plaintiff Said represents in his expert designations that he plans to call Dr. Ha Mistry, M.D., at trial, a "[p]sychiatrist with Knowledgeable [sic] about the injury and mental evaluation and treatment and also dispensing Medication for psychiatric condition treatment." (<u>See</u> Mot. Compel Attach. #2 Ex. 3, 34, ECF No. 50.) Given Plaintiff's stated intent to introduce expert testimony to support his emotional distress claim, Defendants have adequately established that Said's mental condition is "in controversy." <u>See</u> <u>Turner</u>, 161 F.R.D. at 95 (stating that mental examinations have been ordered when one or more of the factors were met).

**2. Whether Defendants have established good cause for the mental examination**

Defendants assert that they have also shown good cause for the Court to order a mental examination. (Mot. Compel Attach. #1 Mem.

P. & A. 5, ECF No. 50.)  First, they maintain that they need the examination to evaluate Plaintiff's condition and the extent to which it is attributable to their conduct.  (Id.)  The requested examination could yield evidence showing "possible pre-existing or alternative causes to Plaintiff's injuries that could have a mitigating effect on Plaintiff's claimed damages."  (Id.) Lopatosky, Butcher, and the County also insist that they have established good cause in light of the fact that Said intends to call an expert witness to prove his emotional distress.  (Id.) Finally, Defendants urge that the information sought is relevant to Plaintiff's damages calculation.  (Id.)

 Said claims that he still suffers from emotional distress as a result of Defendants' conduct.  (See Mot. Compel Attach. #2 Ex. 2, at 26-27, ECF No. 50.)  Further, the information sought could be relevant to evaluate the testimony of Dr. Mistry.  Defendants have established good cause for the mental examination.  The Defendants' Motion to Compel Plaintiff to undergo a mental examination is **GRANTED**.

**B.   The Physical Examination**

 Defendants argue that Plaintiff does not dispute that a physical examination is appropriate under these circumstances. (Mot. Compel Attach. #1 Mem. P. & A. 3-4, ECF No. 50 (citing id. Attach. #2 Decl. Karnavas at 2).)  Said has alleged a permanent injury to his elbow and intends to call multiple experts at trial to testify about his injury.  (Id. at 4.)  Because Plaintiff's counsel suggested conditions on the scope and structure of the physical examination, they will be addressed below.  (See id. at 3 (citing id. Attach. #2 Decl. Karnavas at 1-2).)

**C.   Conditions and Scope of the Examinations**

According to Defendants, Plaintiff's counsel was willing to agree to the proposed physical examination under the following terms: "1) that the examination be audio recorded; 2) that the examining physician be prohibited from asking Plaintiff questions regarding the incident or how his alleged injury occurred; and 3) that Plaintiff's counsel or some other third party be allowed to attend the examination." (Id. at 5 (citing id. Attach. #3 Decl. Karnavas at 2).) While Defendants do not object to the audio recording of either examination, they contend that the remaining conditions are "unnecessary and unreasonable." (Id. at 5-6 (citing Nguyen v. Qualcomm Inc., Civil No. 09-1925-MMA (WVG), 2013 WL 3353840, at *8 (S.D. Cal. July 3, 2013)).) Defendants intend that both examinations be "neutral and non-adversarial, and [they state that] neither Plaintiff's counsel, nor any other third party, should be allowed to attend the examinations." (Id. at 6.)

As noted, Said did not file a response to the Defendants' Motion to Compel. Absent any opposition or explanation from Said, the Court will not interfere with the medical examiners' professional judgment or ability to conduct a comprehensive evaluation. See Gavin, 291 F.R.D. at 166-67 ("The court expects the examiner will act professionally and not subject [the plaintiff] to unnecessary inquiries. It will not micromanage the examination.") (citations omitted); see Romano v. II Morrow, Inc., 173 F.R.D. 271, 273 (D. Or. 1997) ("To restrict a physician from questioning a patient during a physical examination unduly restricts the physician's ability to obtain the information necessary to reach medical conclusions."). The examining doctors

may question Said to the extent necessary to properly evaluate his physical and mental conditions. See Sanders, 2012 WL 2001967, at *4 ("Dr. Kalish may ask and Plaintiff shall answer questions regarding the events that are the subject of this action only to the extent necessary for Dr. Kalish properly to evaluate Plaintiff's mental condition."); Torres v. Kings Cnty., No. CV F 06 0102 OWW WMW, 2007 WL 1725481, at *2 (E.D. Cal. June 14, 2007) ("The scope of the testing would be limited to the nature and extent of any psychological injuries plaintiff is claiming as the result of the incident that is the subject of this litigation.").

Said has failed to establish that counsel or another third party should be allowed to attend either examination. "'Federal courts have determined that third parties -- whether human or electronic [] cannot sit in on physical and mental examinations under FRCP 35 unless special circumstances require it.'" Conforto, 2014 WL 3407053, at *5 (quoting Nguyen, 2013 WL 3353840, at *9). Plaintiff has not shown that any special circumstances exist necessitating the presence of counsel or another third party. See also Ashley v. City and Cnty. of S.F., No. CV-12-00045-JST (KAW), 2013 WL 2386655, at *3-4 (N.D. Cal. May 30, 2013) (denying request for a third party to be present during examination, in part due to concerns that third party could interfere with examination).

### IV. CONCLUSION

For the reasons explained above, Defendants' Motion to Compel [ECF No. 50] is **GRANTED**. Plaintiff is ordered to undergo both a mental and physical examination. The Court finds that the conditions proposed by Defendants are reasonable, and orders as follows:

A. **Mental Examination**

The mental examination of Plaintiff will be conducted on November 24, 2014, at 9:00 a.m., or on some other mutually agreeable date and time at least one week prior to December 15, 2014. The examination will take place at the San Diego offices of Mark Kalish, M.D., located at 3131 Camino del Rio North, Ste. 270 San Diego, CA 92108. The examination will not exceed six hours and will consist of an interview of Said and standard psychological testing which may include the following: MMPI-2, Millon Clinical Multiaxial Inventory - III, Wahler Physical Symptoms Inventory Test, Shipley Intellectual Assessment Test, The Measurement of Depression Test of Zung's, Beck Depression Inventory Test, and Beck Anxiety Inventory Test. Dr. Kalish may ask and Plaintiff shall answer questions regarding the events that are the subject of this action only to the extent necessary for Dr. Kalish properly to evaluate Plaintiff's mental condition. The only people allowed to be present at the examination are Plaintiff, Dr. Kalish, and any other members of Dr. Kalish's staff who are needed to conduct the examination. The examination may be recorded by audio recording only at the option of either party.

B. **Physical Examination**

The physical examination of Said will be conducted on December 4, 2014, at 12:00 p.m., or on some other mutually agreeable date and time at least one week prior to December 15, 2014. The examination will take place at the San Diego offices of Richard Greenfield, M.D., located at 3737 Moraga Avenue, Suite A106, San Diego, CA 92117. The examination will not exceed three hours and will consist of a patient interview and a full and complete

orthopedic examination of all areas that Plaintiff claims to have injured in the incident alleged in the Second Amended Complaint, including but not limited to his right elbow/arm.  The examination may include x-rays and magnetic resonance imaging to the extent Dr. Greenfield determines such diagnostic tools are necessary to conduct a complete examination.  Dr. Greenfield may ask and Plaintiff shall answer questions regarding the events that are the subject of this action only to the extent necessary for Dr. Greenfield properly to evaluate Plaintiff's physical condition. The only people allowed to be present at the examination are Said, Dr. Greenfield, and any other members of Dr. Greenfield's staff needed to conduct the examination.  The examination may be recorded by audio recording only at the option of either party.

IT IS SO ORDERED.

DATE: November 7, 2014

Ruben B. Brooks
United States Magistrate Judge

cc:
Judge Curiel
All parties of record