THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By STEPHANIE KARNAVAS, Senior Deputy (State Bar No. 255596)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5834; Fax: (619) 531-6005
E-mail: stephanie.karnavas@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Patrick Lopatosky
    and Brian Butcher

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHAMAD ALI SAID, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN DIEGO; DEPUTY SHERIFF PATRICK LOPATOSKY; DEPUTY SHERIFF BRIAN BUTCHER; DEPUTY SHERIFF LEE SCOTT; and DOES 1 - 50, inclusive,<br><br>        Defendants. | No. 12-cv-2437-GPC(RBB)<br><br>SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:  April 10, 2013<br>Time:  1:30P.M.<br>Dept.: 2D- Courtroom of the Honorable Gonzalo P. Curiel<br>Trial Date:  TBD |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and this Court's Civil Pretrial Procedures, Defendants County of San Diego, Patrick Lopatosky, and Brian Butcher (collectively, "Defendants") hereby submit the following Separate Statement of Undisputed Material Facts in support of their Motion For Partial Summary Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# STATEMENT OF UNDISPUTED FACTS

## A. Defendant County of San Diego Entitled to Summary Judgment as to Plaintiff's Second Cause of Action for Violation of 42 U.S.C. § 1983

Defendant County of San Diego is entitled to summary judgment as to Plaintiff's second claim for relief under 42 U.S.C. § 1983, because Plaintiff has no evidence that an "action pursuant to official municipal policy" or a failure to train amounting to deliberate indifference to individuals' constitutional rights was the "moving force" behind his alleged injury, based on the following undisputed facts:

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On August 11, 2014, Defendant Patrick Lopatosky served Plaintiff with Special Interrogatory No. 16 which asked Plaintiff to "State all facts in support of your contention that the County of San Diego 'has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its sheriff's deputies' as alleged at ¶ 39 of your Second Amended Complaint. | Declaration of Stephanie Karnavas ("Karnavas Decl."), ¶ 2, Ex 1 [Interrogatory No. 16]. |
| 2. In response to Special Interrogatory No. 16, Plaintiff stated: "The facts of this case where several officer conspire to storm a citizen's adobe arrest him without any probable cause and then break his elbow with the use of excessive force clearly unwarranted and then filing | Karnavas Decl. ¶ 2, Ex. 2 [Resp. to Interrogatory No. 16]. |

false reports and instigating false criminal proceedings that intended only to scare and coerce justice so that they escape punishment for what they did violating every oath and promise to protect the citizens they instead violated.  After all this and you see all these officers protected by the County instead of being investigated and punished.  If you were the victim of what I am claiming what would you describe the County system as?  I know what has happened and if the officers has [sic] been investigated and remain free and unpunished then it must be the custom, policy or practice to ignore citizen's complaints.  San Diego County supported the officer's request to file erroneous charges and dropping the charges when the coercion is about to be exposed.  SD County is notorious for all aspects of these violations and if you simply do a google search of all these aggressive unlawful behaviors and demeanors of officers you will be surprised with the responses which will confirm our allegation."

| | |
|---|---|
| 3. On August 11, 2014, Defendant Patrick Lopatosky served Plaintiff with Special Interrogatory No. 17 which asked Plaintiff to "State all facts in support of your contention that the County of San Diego 'has a custom, policy, or practice of fialing to properly investigate citizen complaints and failing to take corrective or disciplinary action against deputies who act improperly" as alleged at ¶ 39 of your Second Amended Complaint. | Karnavas Decl. ¶ 2, Ex. 1. [Interrogatory No. 17]. |
| 4. In response to Special Interrogatory No. 17, Plaintiff simply referred back to the same response he gave in response to Special Interrogatory No. 16. | Karnavas Decl. ¶ 2, Ex. 2 [Resp. to Interrogatory No. 17]. |
| 5. On August 11, 2014, Defendant Patrick Lopatosky served Plaintiff with Special Interrogatory No. 18 which asked Plaintiff to "State all facts in support of your contention that the County of San Diego 'has an unlawful policy, custom, or habit of permitting or condoning unlawful searches and seizures, false arrests and the unnecessary and excessive use of force by sheriff's deputies' as alleged at ¶ 40 of your Second Amended Complaint." | Karnavas Decl. ¶ 2, Ex. 1. [Interrogatory No. 18]. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | 6.     In response to Special Interrogatory No. 18, Plaintiff simply referred back to the same response he gave in response to Special Interrogatory No. 16. | Karnavas Decl. ¶ 2, Ex. 2 [Resp. to Interrogatory No. 18]. |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | 7.     On August 11, 2014, Defendant Patrick Lopatosky served Plaintiff with Special Interrogatory No. 19 which asked Plaintiff to "State all facts in support of your contention that the County of San Diego has an 'unlawful policy, custom and habit of discouraging citizen complaints against errant deputies and failing to properly investigate citizen complaints against sheriff's deputies, including complaints of false arrest, excessive force, and unlawful searches and seizures' as alleged at ¶ 42 of your Second Amended Complaint." | Karnavas Decl. ¶ 2, Ex. 1.  [Interrogatory No. 19]. |
| 19<br>20<br>21<br>22 | 8.     In response to Special Interrogatory No. 19, Plaintiff simply referred back to the same response he gave in response to Special Interrogatory No. 16. | Karnavas Decl. ¶ 2, Ex. 2 [Resp. to Interrogatory No. 19]. |
| 23<br>24<br>25<br>26<br>27 | 9.     On August 11, 2014, Defendant Patrick Lopatosky served Plaintiff with Special Interrogatory No. 20 which asked Plaintiff to "State all facts in support of your contention that the County of San | Karnavas Decl. ¶ 2, Ex. 1.  [Interrogatory No. 20]. |

28

| | |
|---|---|
| Diego has 'refused to investigate, or have inadequately investigated, numerous complaints of false arrest, excessive force, and unlawful searches and seizures made by citizens against its sheriff's deputies over many years, including complaints that resulted in substantial jury verdicts against deputies and the County' as alleged at ¶ 42 of your Second Amended Complaint." | |
| 10.   In response to Special Interrogatory No. 20, Plaintiff simply referred back to the same response he gave in response to Special Interrogatory No. 16. | Karnavas Decl. ¶ 2, Ex. 2 [Resp. to Interrogatory No. 20]. |

### B. Defendants Lopatosky and Butcher Are Entitled to Summary Judgment of Plaintiff's Claim For Violation of 42 U.S.C. § 1983 Based on Unlawful Arrest and His Corresponding State Law Claim For False Arrest

Plaintiff cannot prevail on his § 1983 claim against Deputies Butcher and Lopatosky based on unlawful arrest or his corresponding state law claim for false arrest because he was arrested pursuant to probable cause, based on the following undisputed facts.  Additionally, Deputies Butcher and Lopatosky are entitled to qualified immunity as to Plaintiff's § 1983 claim based on unlawful arrest.

| **UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 11.   Plaintiff was a defendant in a domestic violence misdemeanor complaint that was filed in June 16, 2009 in the Superior Court of California, County of San Diego, East County Division,  alleging | Request For Judicial Notice ("RJN"), Ex. 1; Karnavas Decl., Ex. 3 [RFAs to Plaintiff], RFA No. 1 [deemed admitted]; Karnavas Decl. Ex. 4 [Plaintiff's Depo] at 14:12-19; 18:7-25; 19:5-10. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | three counts for: 1) Corporal Injury to Spouse and/or Roommate, Penal Code Section 17(b)(4); 2) Battery of a Current or Form Significant Other, Penal Code Section 243(e)(1) and 3) Battery, Penal Code section 242, alleging the use of force and violence, and the infliction of injury on his spouse, Walaa Said, aka Walaa Alqershi. | |
| 10<br>11<br>12<br>13 | 12.  A Criminal Protective Order against Plaintiff in favor of Walaa Said as the protected person was issued on July 13, 2009. | RJN, Ex. 2;<br>Karnavas Decl., Ex. 3 [RFAs to Plaintiff], RFA No. 2 [deemed admitted]. |
| 14<br>15<br>16<br>17<br>18<br>19<br>20 | 13.  On March 24, 2010, a jury found Plaintiff guilty of the crime of Battery of a Significant Other in violation of Penal Code section 243(e)(1), and Simple Battery in violation of Penal Code section 242 for a domestic violence incident involving his wife. | RJN, Ex. 3;<br>Karnavas Decl., Ex. 3 [RFAs to Plaintiff], RFA Nos. 3-4 [deemed admitted];<br>Karnavas Decl., Ex. 4 [Plaintiff's Depo] at 142:2-22. |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | 14.  Plaintiff was sentenced in May 2010, to, among other things, three years of summary probation, a condition of which was compliance with a criminal protective order that prohibited Plaintiff from having any personal, electronic, telephonic, or written contact with Ms. Al-Quershi or | RJN, Ex. 4-5;<br>Karnavas Decl., Ex. 3 [RFAs to Plaintiff], RFA Nos. 6-8 [deemed admitted];<br>Karnavas Decl., Ex. 4 [Plaintiff's Depo] at 142:14-24; 146:21-25; 168:1-5; 169:5-19; 170:810; 175:10-21; 176:22-177:4; 177:24-178:9; 180:10-14; 185:2-7. |

28

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | from coming within 100 yards of her. The protective order also required Plaintiff to stay away from Ms. Al-Qershi's home, employment, or vehicle. | |
| 5<br>6<br>7<br>8<br>9 | 15.    The protective order was to expire on May 23, 2013. | RJN, Exs. 4-5;<br>Karnavas Decl., Ex. 3 [RFAs to Plaintiff], RFA No. 9[deemed admitted];<br>Karnavas Decl., Ex. 6, ["Lopatosky Depo"] at 62:11-22. |
| 10<br>11<br>12<br>13<br>14<br>15<br>16 | 16.    Plaintiff was plainly informed of the meaning of the protective order at his sentencing hearing and at that hearing was clearly admonished by Judge Roderick Shelton that only the Court could rescind the order and that no contact with Ms. Alqershi meant absolutely no contact. | Karnavas Decl., Ex. 4 [Plaintiff's Depo] at 142:14-24; 146:21-25; 168:1-5; 169:5-19; 170:810; 175:10-21; 176:22-177:4; 177:24-178:9; 180:10-14; 185:2-7;<br>Karnavas Decl. ¶ 7, Ex. 7 [audio recording of sentencing]. |
| 17<br>18<br>19<br>20 | 17.    Plaintiff had an Arabic interpreter at his trial and sentencing and Plaintiff admitted in his deposition that he understood the terms of his sentence. | Karnavas Decl., Ex. 4 [Plaintiff's Depo] at 144:12-17; 146:21-25; 168:1-5; 169:5-19; 170:810; 175:10-21; 176:22-177:4; 177:24-178:9; 180:10-14; 185:2-7. |
| 21<br>22<br>23<br>24<br>25 | 18.    At some point subsequent to Plaintiff's criminal sentencing, Ms. Alqershi became pregnant with Plaintiff's second child, a daughter, to whom she gave birth on October 1, 2011. | Karnavas Decl., Ex. 4 [Plaintiff's Depo] at 222:2-24. |
| 26<br>27 | 19.    On January 24, 2012, at approximately 5:50p.m., the Sheriff's | Declaration of Hanan Harb ["Harb Decl.] ¶ 4, Ex. A. |

28

| | |
|---|---|
| Department communications center received a 911 call from a woman identifying herself as Walaa Al-Qershi. Ms. Al-Qershi indicated, among other things, that she had a restraining order against her husband, but she was living with him and that he was driving her crazy, and she was afraid he was going to kill her. Ms. Al-Qershi requested law enforcement assistance and while on the phone, she indicated she was leaving her house located at 3755 El Canto Dr. and was walking to her neighbor's house located at 3725 El Canto Dr. | |
| 20.   Deputies Butcher and Lopatosky were on patrol on the evening of January 24, 2012, and received a radio call to respond to 3755 El Canto Dr., Spring Valley, California to contact an individual who may have been "5150", in other words, a person who, as a result of a mental health disorder, is a danger to others, or to himself or herself, or is gravely disabled. At some point the address for the call was changed to 3725 El Canto Dr. - a house a couple of houses down from the original address. | Declaration of Brian Butcher ["Butcher Decl."] ¶ 2; Declaration of Patrick Lopatosky ["Lopatosky Decl."] ¶ 2. |

| | |
|---|---|
| 21. Psychiatric Emergency Response Team ("PERT") clinician, Cynthia Van Lom, was assigned to work with Deputy Butcher and was riding with him in his patrol vehicle. | Butcher Decl. ¶ 2. |
| 22. Deputy Butcher and Ms. Vam Lom arrived at 3725 El Canto Dr. first, and made contact with the reporting party, Walaa Alqershi. | Butcher Decl. ¶ 2; Lopatosky Decl. ¶ 2. |
| 23. They determined that Ms. Alqershi was not "5150" but was upset with her husband. Deputy Butcher was aware that Ms. Alqershi and her husband had a history of domestic violence because he had arrested her husband for spousal abuse in violation of Penal Code 273.5(a) back in April 2009. | Butcher Decl. ¶ 2. |
| 24. Ms. Alqershi told Deputy Butcher and Ms. Van Lom that she and Plaintiff had been living together, and that on that evening, Plaintiff had threatened to kill her and any cops that showed up if she called the cops on him. Ms. Alqershi wanted Plaintiff arrested. | Butcher Decl. ¶ 3. |
| 25. Deputy Lopatosky arrived at the scene shortly Deputy Butcher. Deputy Butcher told him that he had spoken with | Butcher Decl. ¶ 4; Lopatosky Decl. ¶ 2. |

- 10 -

12-cv-2437-GPC(RBB)

| | | |
|---|---|---|
| 1 2 | Ms. Alqershi, and that he believed this was a violation of a restraining order call. | |
| 3 4 5 6 7 8 9 10 | 26. Deputy Lopatosky took over as the primary deputy on the scene and also spoke directly to Ms. Alqershi. She told Deputy Lopatosky that she and Plaintiff had been married for about 5 years, that they currently live together, and have two children together, a four year old and a 3 month old. | Butcher Decl. ¶ 4; Lopatosky Decl. ¶¶ 2-3. |
| 11 12 13 14 15 16 17 18 19 20 21 22 23 24 | 27. Ms. Alqershi indicated that she had been the victim of domestic violence by her husband about a year and a half earlier, and that as a result of that incident, a restraining order was issued against him, that he had been served with the order, and that he was not to be within 100 yards of her. Ms. Alqershi indicated that she had stayed at a shelter called Becky's House after the domestic violence incident but that after her stay at Becky's House, Plaintiff picked her up and they had been living together ever since, even though the restraining order was still in place. | Lopatosky Decl. ¶ 3. |
| 25 26 27 | 28. Ms. Alqershi told Deputy Lopatosky that on that evening, her husband had threatened to kill her, kill any responding | Lopatosky Decl. ¶ 3. |
| 28 | | |

- 11 -

12-cv-2437-GPC(RBB)

| | |
|---|---|
| law enforcement, and then kill himself, but that he had not done anything to her physically.  Ms. Alqershi wanted Plaintiff arrested. | |
| 29.    Deputy Lopatosky also confirmed that while Ms. Alqershi appeared upset by the circumstances with her husband, she did not appear to be suffering from any type of mental health disorder. | Lopatosky Decl. ¶ 3. |
| 30.    Deputy Butcher conducted a records check through the Sheriff's inquiry channel, and the records check revealed there was an active domestic violence criminal protective order issued in case number C291668,  listing Plaintiff as the restrained person, and Ms. Alqershi as the protected person.  The deputies were informed through the records check that order was reported to have been served by Judge Shelton, and was set to expire on May 23, 2013, and that the terms of order prohibited Plaintiff from having any contact with Ms. Alqershi. | Butcher Decl. ¶ 5; Lopatosky Decl. ¶ 2; Karnavas Decl., Ex. 5 [Butcher's Depo] at 33:18-34:12; 38:16-24; Karnavas Decl., Ex. 6 [Lopatosky Depo] at 36:21-37:7; 38:16-39:5; 60:16-63:5. |

| | |
|---|---|
| 31. Based on the information they were provided, Deputies Lopatosky and Butcher believed in good faith that Plaintiff was in violation of the protective order. | Butcher Decl. ¶ 5; Lopatosky Decl. ¶ 4, Ex. A |

### C. Defendants Lopatosky and Butcher Are Entitled to Summary Judgment of Plaintiff's Claim For Violation of 42 U.S.C. § 1983 Based on Inadequate Medical Care

Plaintiff cannot prevail on his § 1983 claim against Deputies Butcher and Lopatosky based on inadequate medical care because he cannot establish the Deputies were deliberately indifferent to his serious medical needs. Rather, the undisputed evidence demonstrates that the Deputies immediately summoned the necessary medical assistance. Additionally, Deputies Butcher and Lopatosky are entitled to qualified immunity as to this claim.

| **UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 32. Deputy Lopatosky and Deputy Butcher made contact with Plaintiff at 3755 El Canto Dr. | Butcher Decl. ¶ 6; Lopatosky Decl. ¶ 5. |
| 33. Plaintiff was handcuffed and complained of injury to his arm. | Butcher Decl. ¶ 6; Lopatosky Decl. ¶ 5. |
| 34. As soon as Plaintiff complained his arm had been injured, Deputy Butcher immediately summoned the Fire Department for paramedic assistance. | Butcher Decl. ¶ 6; Lopatosky Decl. ¶ 5. |
| 35. The paramedics arrived approximately five minutes later and Plaintiff was taken via ambulance to the hospital for evaluation. | Butcher Decl. ¶ 6; Lopatosky Decl. ¶ 5; Karnavas Decl., Ex. 4 [Plaintiff's Depo] at 88:4-12. |

### D. Defendants Lopatosky and Butcher Are Entitled to Summary Judgment of Plaintiff's Claim For Violation of 42 U.S.C. § 1983 Based on Malicious Prosecution

Plaintiff cannot prevail on his § 1983 claim against Deputies Butcher and Lopatosky based on malicious prosecution because there was, at a minimum, probable cause to arrest Plaintiff for violation of the protective order held by his wife. Additionally, Plaintiff has no evidence that the prosecution was initiated with malice or that either Deputy Lopatosky or Deputy Butcher took any action to compromise the prosecutor's independent judgment, and thus he has no evidence to overcome the presumption set forth in *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981).

Defendants rely on undisputed facts 11-31, and the evidence cited in support thereof to demonstrate that there was probable cause for Plaintiff's arrest. The following additional facts and evidence demonstrate that Plaintiff has no evidence to overcome the *Smiddy* presumption:

| | |
|---|---|
| 36. Plaintiff was charged with violation of Penal Code sections 69/17(b)(4), 273.6(a), and 166(c)(1) in connection with the incident that is the subject of this lawsuit. | RJN, Ex. 6. |
| 37. Plaintiff has no evidence that either Deputy Lopatosky or Deputy Butcher took any action to compromise the prosecutor's independent judgment in that action. | Karnavas Decl., Ex. 5 [Butcher's Depo] at 73:4-13; 77:6-9;<br>Karnavas Decl., Ex. 6 [Lopatosky Depo] at 95:3-8; 96:1-8; 98:17-20. |

### E. Defendants Are Entitled to Summary Judgment of Plaintiff's Claim For Violation of California Civil Code § 52.1

Plaintiff cannot prevail on his claim for violation of California Civil Code § 52.1 because, the undisputed facts demonstrate that Plaintiff can prove no constitutional violation based

on unlawful arrest, inadequate medical care, or malicious prosecution, and the only other constitutional violation Plaintiff alleges – excessive force—cannot in and of itself, also comprise an alleged constitutional interference that gives rise to liability under § 52.1. The alleged conduct must be shown to have been committed for the purpose of interfering with some other constitutional right.  Defendants rely on undisputed facts 11-37 above, and the evidence cited in support thereof in support of summary judgment of this claim.

DATED:  February 23, 2015        THOMAS E. MONTGOMERY, County Counsel

By: s/ STEPHANIE KARNAVAS, Senior Deputy
Attorneys for Defendants County of San Diego, Patrick Lopatosky,and Brian Butcher
E-mail: stephanie.karnavas@sdcounty.ca.gov