THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By STEPHANIE KARNAVAS, Senior Deputy (State Bar No. 255596)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5834; Fax: (619) 531-6005
E-mail: stephanie.karnavas@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Patrick Lopatosky and Brian Butcher

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMAD ALI SAID, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN DIEGO; DEPUTY SHERIFF PATRICK LOPATOSKY; DEPUTY SHERIFF BRIAN BUTCHER; DEPUTY SHERIFF LEE SCOTT; and DOES 1 - 50, inclusive,<br><br>　　　　Defendants. | No. 12-cv-2437-GPC(RBB)<br><br>DECLARATION OF BRIAN BUTCHER IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:　April 10, 2015<br>Time:　1:30PM<br>Dept.:　Courtroom of The Honorable Gonzalo P. Curiel<br>Trial Date:　TBD |

　　　I, BRIAN BUTCHER, declare as follows:

　　　1.　I am employed by the County of San Diego as a Deputy Sheriff for the San Diego County Sheriff's Department. I make this declaration of my own personal knowledge after reviewing the officer report I prepared in Case No. 12104263 involving the incident that is the subject of this lawsuit, and the arrest report I prepared in Case No. 09030183, regarding a prior domestic violence incident involving Plaintiff and his wife. If called upon to testify to the matter stated in this declaration, I could and would competently do so.

　　　2.　On the early evening of January 24, 2012, I received a radio call to respond to 3755 El Canto Dr., Spring Valley, California to contact an individual who may have

been "5150", in other words, a person who, as a result of a mental health disorder, is a danger to others, or to himself or herself, or is gravely disabled. At some point the address for the call was changed to 3725 El Canto Dr. - a house a couple of houses down from the original address. Psychiatric Emergency Response Team ("PERT") clinician, Cynthia Van Lom, was assigned to work with me that evening and was riding with me in my patrol vehicle. When we arrived at 3725 El Canto Dr., Ms. Van Lom and I met with the reporting party, Walaa Alqershi, who I also referred to in my report as "Walaa Said." ("Walaa"). We determined that Walaa was not "5150" but was upset with her husband. I was aware that Walaa and her husband had a history of domestic violence because I had arrested her husband for spousal abuse in violation of Penal Code 273.5(a) back in April 2009.

3. Walaa told us that she and Plaintiff had been living together, and that on that that evening, Plaintiff had threatened to kill her and any cops that showed up if she called the cops on him. Walaa wanted Plaintiff arrested.

4. Deputy Lopatosky arrived at the scene shortly after we did. I told him that we had spoken the reporting party, Walaa, and that I believed this was a violation of a restraining order call. Deputy Lopatosky took over as the primary deputy on the scene and also spoke directly to Walaa.

5. I conducted a records check through the Sheriff's inquiry channel, and the records check revealed there was an active domestic violence criminal protective order (also referred to by me as a "restraining order"), issued in case number C291668, listing Plaintiff as the restrained person, and Walaa as the protected person. The order was reported to have been served by Judge Shelton, and was set to expire on May 23, 2013. The terms of order prohibited Plaintiff from having any contact with Walaa. Based on my conversation with Walaa and our verification of the active protective order, it was my good faith belief that Plaintiff was in violation of the order.

6. Deputy Lopatosky and I made contact with Plaintiff at 3755 El Canto Dr. When Deputy Lopatosky attempted to ask Plaintiff about the restraining order, he

- 2 -

12-cv-2437-GPC(RBB)

claimed not to know anything about it.  Plaintiff became agitated as Deputy Lopatosky was questioning him, and when Deputy Lopatoksy attempted to place handcuffs on him Plaintiff became physically combative and I intervened to try assist Deputy Lopatosky in getting control of Plaintiff.  After a brief struggle between Plaintiff and me and Deputy Lopatosky, we were able to secure handcuffs on Plaintiff's wrists.  Plaintiff then began claiming that his arm had broken, and I immediately summoned the Fire Department for paramedic assistance.  The paramedics arrived approximately five minutes later and Plaintiff was taken via ambulance to the hospital for evaluation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Diego, California, this 23 day of February 2015.

_____
BRIAN BUTCHER